IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRANVILLE JOHNSON, K79226,         Plaintiff, vs. TYLER D. RICHERSON, FRANK LAWRENCE, JOHN DOES #1-16, JANE DOES #1-4, JOHN/JANE DOE HEALTH CARE UNIT ADMINISTRATOR and WEXFORD HEALTH SERVICES         Defendants. | Case No. 19-cv–1354-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Granville Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at the Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims for failure to protect, unconstitutional conditions of confinement and deliberate indifference to his serious physical and mental health conditions, and seeks monetary damages.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28

1

U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: on April 28, 2019, Plaintiff's cellmate, "Broward," told gallery officer Richerson that he was refusing his housing assignment and wanted to be moved.  (Doc. 1, p. 10).  Richerson responded that unless Broward and Plaintiff fought, he would not take Broward out of the cell.  (*Id.*).  Broward asked if that meant he had to try and kill his cellmate or his cellmate had to try to kill him, and Richerson confirmed that was the case.  Later that evening, Broward told Richerson again that he was refusing housing and wanted to be taken to segregation; Richerson reiterated that he was not taking Broward out of the cell unless he and Plaintiff fought.  (*Id.*).  Richerson told Broward the policy was that there had to be a serious altercation before a move could be made (a policy Plaintiff alleges was made by John Doe #1 as Warden of Operations).  (*Id.*, p. 11).  Broward then attacked Plaintiff, stabbing him and beating him with a fan.  (*Id.*).

Plaintiff was taken to the Health Care Unit where he was checked for injuries by nurses Jane Does 1-3.  (*Id.*, p. 12).  Despite his pain and stab wounds, he received no medical treatment and was taken to segregation.  (*Id.*).  Plaintiff sent sick call requests on April 30, May 2 and May 8, 2019, but was not seen until May 9, 2019.  (*Id.*).  John/Jane Doe Health Care Unit Administrator was responsible for scheduling sick call visits.  (*Id.*).  Plaintiff also developed severe anxiety and requested to see a mental health counselor on April 30 and May 2, 2019.  (*Id.*,p. 14).  He was not seen until May 15, 2019.  (*Id.*).

In segregation, Plaintiff was placed in a dirty cell without any sheets, cleaning supplies or hygiene kit by John Doe #2.  The windows in the unit were open for several days during cold weather.  (*Id.*, p. 13).  Plaintiff informed each of the gallery officers (John Does #2-16) about the conditions but was not given the bedding or hygiene kit until May 5, 2019.  (*Id.*).

Based on the allegations of the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:**   **An Eighth Amendment claim against Richerson and John Doe #1 for exposing him to a substantial risk of serious physical injury.**
>
> **Count 2:**   **An Eighth Amendment claim against Jane Does #1-3 and Jane Doe Health Care Unit Administrator for deliberate indifference to a serious health issue.**
>
> **Count 3:**   **An Eighth Amendment conditions of confinement claim against John Does #2-16.**
>
> **Count 4:**   **An Eighth Amendment claim against Jane Doe #4 and Wexford for deliberate indifference to a serious mental health issue.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

### Preliminary Dismissal

Warden Lawrence is named in the case caption, but no allegations are made against him in the Complaint.  Because no claim is stated against a defendant identified in the caption but not mentioned in the body of the Complaint, he is dismissed from the case without prejudice.  See, *Black v. Lane*, 22 F.3d 1395, n.8 (7th Cir. 1994).

---

[1] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

**Count 1**

To state a claim for failure to protect, a plaintiff must sufficiently allege (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Plaintiff adequately states such a claim against Richerson, as he alleges Richerson told Broward the only way he could get what he wanted was to fight Plaintiff and confirmed it when Broward asked for clarification. Plaintiff also states a viable claim against John Doe #1. A policymaker may be deliberately indifferent if they promulgated an unconstitutional policy with notice that it would pose "a substantial risk of serious harm" to Plaintiff. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). A policy that does not allow for relocation based on credible immediate threats until the violence actually occurs may reasonably be said to qualify. Count 1 survives screening.

**Count 2**

"To prevail on a deliberate-indifference claim, the plaintiff must prove that he suffered from (1) objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 622 (7th Cir. 2008) (quotation omitted). Plaintiff adequately alleges deliberate indifference to his assault injuries against Jane Does #1-3, but not against John/Jane Doe Health Care Unit Administrator. While he alleges that the health care unit administrator is responsible for scheduling, there is no indication when (or if) he or she actually received the sick call and whether the slips contained adequate information to put him or her on notice of Plaintiff's condition. John/Jane Doe Health Care Unit Administrator is therefore dismissed without prejudice.

**Count 3**

Prison officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," including adequate sanitation, bedding and personal hygiene items. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). While it is unclear at this juncture whether the relatively brief period Plaintiff was confined without the alleged items is sufficient to rise to the level of a constitutional deprivation, it is a fact inquiry not subject to a bright-line rule. Affording Plaintiff the benefit of all reasonable inferences, Count 3 survives screening.

**Count 4**

The standard for deliberate indifference to a serious mental health need is the same as that for physical ailments. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). Plaintiff fails to state a claim against Jane Doe #4, who he alleges was responsible for scheduling mental health visits. There is no indication when she received the mental health call requests and what facts in the call requests would have alerted her to the need for earlier scheduling.

A private corporation is shielded from *respondeat superior* and vicarious liability under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). It may be subject to *Monell* liability, however, for which Plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom of Wexford's, and that the policy or custom was the moving force behind the constitutional violation. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields*, 746 F.3d at 790; and *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (*citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff alleges that Wexford had a "policy of addressing non-emergency mental health requests within 14 days[.]" Whether the policy is unconstitutional as applied is a question for

5

another day, but Plaintiff adequately claims the policy was the moving force behind a delay in him receiving mental health care. As such, Count 4 survives as to Wexford.

## Identification of Unknown Defendants

Plaintiff may proceed against Defendants John Doe #1-16 and Jane Doe #1-3. However, because these defendants must be identified with particularity before service of the Complaint can be made on them, Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The current Acting Warden of Menard, Alex Jones, will be added as a defendant in his official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Complaint.

## Disposition

**IT IS ORDERED** that all claims against Defendants Frank Lawrence, Jane Doe Health Care Unit Administrator**,** and Jane Doe #4 are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Lawrence, Jane Doe Health Care Unit Administrator**,** and Jane Doe #4 as parties in CM/ECF. Plaintiff's Motion to Label Claims with Alleged Constitutional Violations (Doc. 8) is **MOOT.**

The Clerk is **DIRECTED** to add Defendant **ALEX JONES**, in his official capacity only, to the docket for the purposes of identifying the remaining Doe Defendants with particularity. **As Jones is in the case solely for discovery purposes, he need not respond to the Complaint and only needs to enter his appearance and will receive further instruction on discovery at a later date.**

The Clerk of Court shall prepare for Defendants Richerson, John Does #1-16 (once identified), Jane Does #1-3 (once identified), Wexford and Jones: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  April 30, 2020**

                                      /s/ Staci M. Yandle
                                      **STACI M. YANDLE**
                                      **U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**