IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GRANVILLE JOHNSON,** **K79226** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 19-cv–1354-DWD** |
| **vs.** | ) ) ) | |
| **TYLER D. RICHERSON,** *et al.* | ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Granville Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently being held at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Before the Court are several motions related to Defendant Sammy Halliday's failure to file a timely answer (Docs. 73, 82 and 83), as well as Plaintiff's Motion for a Court Order (Doc. 74) related to discovery and Motion to Add a Party (Doc. 85).

### Defendant Halliday

In its Memorandum and Order, the Court ordered Defendants "to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 12). Defendant Halliday was later identified as John Doe #3 and substituted as a party. (Doc. 32). Waiver of service forms were sent to Halliday on July 28, 2020. (Doc. 33). Halliday returned the executed waiver on August

1

31, 2020, with an answer date of September 28, 2020.  (Doc. 47).  Halliday failed to file any answer, and a Clerk's Entry of Default was issued on January 8, 2021.  (Doc. 68).  On February 4, 2021, Plaintiff filed an Entry of Appearance and Motion for Extension of Time to File a Motion to Set Aside the Clerk's Entry of Default, which he filed with permission on February 16.  (Docs. 77, 78, and 82).  He also filed a Motion for Leave to File an Answer (Doc. 83).  Plaintiff filed a Motion for Default Judgment (Doc. 73) but did not file an opposition to the Motion to Set Aside.

Under Federal Rule of Civil Procedure 55(c), the Court has the discretion to set aside an entry of default for "good cause shown."  More specifically, in order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint.  *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994).  The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally.  *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).  This is because the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment."  *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007)

Halliday states that his employment with IDOC ended in March 2020.  (Doc. 82-1).  He states that he was under the impression that because the Illinois Attorney General's Office generally automatically represents IDOC employees when sued for their actions in that capacity, it would also automatically enter an appearance and handle matters on his behalf.  (*Id.*).  This is not the case when a defendant has retired or otherwise

2

left IDOC in the interim.  He also asserts that he has a meritorious defense, in that he was unaware of the conditions of confinement which form the basis of Plaintiff's claim.

The Court finds that in view of the Seventh Circuit's preference for trial on the merits, setting aside the entry of default against Halliday is appropriate.  His mistake satisfies the requirement for good cause shown.  *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause for default where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence.").  There is no bright-line rule for what constitutes "quick" action to correct the default, and under normal circumstances a nearly one-month delay in responding to the entry of default would border on unacceptable delay.  However, the COVID-19 pandemic and well-known delays in the United States Postal Service have led the Court to accord additional leeway in responding to court filings.  The Court finds that responding less than one month after entry of default was adequate under these circumstances.  Finally, Halliday's defense (if found credible) is meritorious—if he was unaware of Plaintiff's conditions of confinement, he would not be deliberately indifferent so as to violate the Eighth Amendment.

Accordingly, Halliday's Motion to Vacate Entry of Default and Motion to File Answer will be granted.  With the Entry of Default vacated, Plaintiff's Motion for Entry of Default Judgment is therefore denied.

Plaintiff's Motion to Add a Party (Doc. 85) is granted.  Defendant Alex Jones was both a party in his individual capacity (having been substituted as John Doe #1) and in his official capacity for purposes of identifying the Doe Defendants.  (Docs. 12 and 32).

3

He was properly terminated in his official capacity after the Doe Defendants had been identified, but was erroneously terminated in his individual capacity as well.  (Doc. 60). Accordingly, Defendant Alex Jones will be reinstated as a defendant to this suit in his individual capacity.

Finally, Plaintiff has also submitted a Motion requesting a Court order for permission to correspond with two other inmates who he believes have relevant testimony to give in this case, as unauthorized correspondence between inmates is forbidden.  (Doc. 74), which is denied without prejudice.  Defendants are correct that courts are extremely hesitant to involve themselves in the day-to-day operations of a prison. *Godinez v. Lane*, 733 F.2d 1250, 1260-1262 (7th Cir. 1984).  However, there appears to be an existing method that would serve the purpose without undue impingement on prison officials' discretion.  In general, correspondence between committed persons (such as Plaintiff and his named witnesses) requires permission of the Chief Administrative Officers of each facility, based on "safety and security concerns."  20 Ill. Admin. Code § 525.120(b).  It appears that one of the potential witnesses is at Lawrence Correctional Center and the other is at Menard.  In his Reply, Plaintiff indicates that he has discussed the matter with Counselor Dinkins at Menard, who informed him that such permission is only granted for correspondence between immediate family members.  (Doc. 82). While this may be a general policy, there must be room for discretion in individual instances where safety and security concerns are not implicated.  The Court trusts that the Wardens of Menard and Lawrence will not unreasonably deny permission for Plaintiff to seek affidavits from these witnesses, and directs the Illinois Attorney

4

General's Office to facilitate this process to the best of its ability.  If such permission is refused, and the Court is satisfied that the wardens are acting in good faith, Plaintiff may acquire testimony prior to trial using the procedures outlined in Federal Rule of Civil Procedure 31.  Plaintiff is also reminded that he may call the witnesses at an evidentiary hearing on summary judgment or at trial to testify on his behalf.

## Disposition

Defendant Halliday's Motion to Set Aside Clerk's Entry of Default (Doc. 82) and Motion for Leave to File Answer (Doc. 83) are **GRANTED**.  The Clerk's Entry of Default (Doc. 68) is **VACATED** and Halliday is **ORDERED** to file his answer instanter.  Plaintiff filed a Motion for Default Judgment (Doc. 73) is therefore **DENIED**.

Plaintiff's Motion to Add Party (Doc. 85) is **GRANTED**, and the Clerk of Court is **DIRECTED** to reinstate Alex Jones as a defendant in this action in his individual capacity.

Plaintiff's Motion for Court Order (Doc. 74) is **DENIED without prejudice.**

**IT IS SO ORDERED.**
**DATED:  May 28, 2021**

_____
**DAVID W. DUGAN**
**U.S. District Judge**